505 F.Supp. 911 (1981)
Richard L. ARMENT
v.
COMMONWEALTH NATIONAL BANK and Robert A. Longo.
Civ. A. No. 80-3178.
United States District Court, E. D. Pennsylvania.
January 14, 1981.
*912 William A. Atlee, Jr., Lancaster, Pa., for plaintiff.
Michael D. Carr, West Chester, Pa., for Commonwealth Nat. Bank.
Glenn C. Equi, Philadelphia, Pa., for Longo.

MEMORANDUM AND ORDER
TROUTMAN, District Judge.
The Civil Rights Act of 1871, 42 U.S.C. § 1983, provides that:
[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
To recover under this statute, plaintiff must show that defendant was a "person", Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), who acted "under color of law", Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed. 252 (1978), Robertson *913 v. Wegmann, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978), to deprive plaintiff of rights, privileges or immunities guaranteed by the Constitution and laws. Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). See generally Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978), Russell v. Bodner, 489 F.2d 280 (3d Cir. 1973), Basista v. Weir, 340 F.2d 74 (3d Cir. 1965). "Under color of law" may be equated with the "state action" requirement of the Fourteenth Amendment. Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). Concert of action between a private person and one acting under color of law exposes the private person to liability even if the state official presents a valid defense or enjoys complete immunity. Dennis v. Sparks, ___ U.S. ___, 101 S.Ct. 183, 66 L.Ed.2d 185, 4001 (1980), Adickes v. S. H. Kress & Co., supra. See also Phillips v. Trello, 502 F.2d 1000 (3d Cir. 1974) and Jennings v. Shuman, 567 F.2d 1213 (3d Cir. 1977).
In the case at bar plaintiff alleges that defendant Commonwealth National Bank and its attorney defendant Longo agreed to institute criminal proceedings against plaintiff in order to collect a debt due from plaintiff to the Bank. Defendants, acting "pursuant to the agreement", supposedly induced and persuaded a Lancaster County district justice and a law enforcement officer to prosecute plaintiff and to file the necessary papers.[1] Plaintiff complains that the criminal proceeding comprised
a mere pretext to provide color for the arrest and punishment of plaintiff for exercising his best judgment in refusing to make any further payments on a car which he did not want, and to coerce plaintiff in performance of a civil obligation by means of wrongful use of the State Criminal Law.[2]
Defendants, now moving to dismiss, argue that they did not act "under color of law". As an attorney and officer of the court, defendant Longo was not ipso facto a state official within the meaning of § 1983, Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972), Peake v. County of Philadelphia, 280 F.Supp. 853 (E.D.Pa.1968), and his use of process against another person did not convert his conduct into "state action". Henderson v. Fisher, 631 F.2d 1115 (3d Cir. 1980), Gibbs v. Titelman, 502 F.2d 1107 (3d Cir. 1974), Brown v. Joseph, 463 F.2d 1046 (3d Cir.), cert. denied, 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003 (1972). However, within the present context his status as an attorney does not affect the determination of whether state action exists. Similarly, whether the Bank's operations meet the criteria pursuant to which state action may be imputed to private entities need not be resolved. See Magill v. Avonworth Baseball Corp., 516 F.2d 1328 (3d Cir. 1975).[3] In fact, characterization of the "personalities" of the Bank and Longo for purposes of § 1983 becomes irrelevant, for the alleged participation of the district justice and the police officer in the scheme undoubtedly *914 involves state action. Adickes v. S. H. Kress & Co., supra, Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), United States v. Classic, 313 U.S. 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941),[4] and irrespective of any defense which either of them may assert, Dennis v. Sparks, supra, Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)[5], their contribution to the scheme colored defendants with "state action".[6] In Adickes v. S. H. Kress & Co., 398 U.S. at 152, 90 S.Ct. at 1605, the court stated that plaintiff
will have made out a violation of [his] Fourteenth Amendment rights and will be entitled to relief under § 1983 if [he] can prove that a [bank] employee, in the course of employment, and a ... policeman somehow reached an understanding to deny plaintiff his right to liberty.
True, the complaint did not use the word "conspiracy", but plaintiff clearly accused defendants of formulating and executing a plan or scheme designed to effect his illegal incarceration. This joint venture did not lose the attributes of a conspiracy simply because plaintiff chose alternative ways to express this conduct. Young v. Collins, 574 F.2d 1147 (4th Cir. 1978). In the amended complaint plaintiff repeatedly referred to the agreement among defendants and the district justice and policeman.[7] *915 Agreement to commit an unlawful act lies at the heart of conspiracy. Ammlung v. City of Chester, 494 F.2d 811 (3d Cir. 1974), United Aircraft Corp. v. Boreen, 413 F.2d 694 (3d Cir. 1969). Courts, construing complaints liberally, McKnight v. Southeastern Pennsylvania Transportation Authority, 583 F.2d 1229 (3d Cir. 1978), Franklin Life Insurance Co. v. Bieniek, 312 F.2d 365 (3d Cir. 1962), and in their entirety, Banco Continental v. Curtiss National Bank of Miami Springs, 406 F.2d 510 (5th Cir. 1969), indulge all reasonable inferences which may be drawn therefrom. Braden v. University of Pittsburgh, 552 F.2d 948 (3d Cir. 1977). Assuming for present purposes the truth of plaintiff's allegation that defendants acted in tandem with the district justice and policeman to deprive plaintiff of his liberty, Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), defendants cannot claim immunity from a § 1983 action.
In Dennis v. Sparks, supra, plaintiff commenced a § 1983 action and alleged a conspiracy between defendants and a judge who had enjoined production of minerals from certain oil leases which they owned. The Supreme Court, affirming the Court of Appeals' en banc reconsideration opinion, held that
merely resorting to the courts and being on the winning side of a law suit does not make a party a co-conspirator or a joint actor with the judge. But here the allegations were that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge. Under these allegations, the private parties conspiring with the judge were acting under color of state law; and it is of no consequence in this respect that the judge himself is immune from damages liability. Immunity does not change the character of the judge's action or that of his co-conspirators .... Private parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of § 1983 as it has been construed in our prior cases.

Dennis v. Sparks, ___ U.S. at ___, 101 S.Ct. at 186 (emphasis added). According plaintiff's complaint a broad construction, Mountain Fuel Supply Co. v. Johnson, 586 F.2d 1375 (10th Cir. 1978), cert. denied, 441 U.S. 952, 99 S.Ct. 2182, 60 L.Ed.2d 1058 (1979), Eberts v. Westinghouse Electric Corp., 581 F.2d 357 (3d Cir. 1978), and treating plaintiff's allegations as true, Jenkins v. McKeithin, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969) defendants must be considered as acting under color of law within the meaning of § 1983.[8]
NOTES
[1] The charge against plaintiff was theft by failure to make required disposition of funds, a crime in Pennsylvania:

[A] person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property of its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition.
18 Pa.C.S.A. § 3927.
[2] Amended Complaint, ¶ XXVIII.
[3] The performance of a public function, significant involvement of the state in private activity, or state enforcement of agreements affecting private parties may confer "color of law" upon private parties. See Jackson v. Metropolitan Edison Co., 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974), Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), Chalfant v. Wilmington Institute, 574 F.2d 739 (3d Cir. 1978).
[4] Compare Shelley v. Kraemer, supra, in which the court held that "the action of state courts and of judicial officers in their official capacities is to be regarded as action of the state within the meaning of the Fourteenth Amendment. ... [J]udicial action is to be regarded as action of the State for the purposes of the Fourteenth Amendment ... but for the active intervention of the state courts, supported by the full panoply of state power, petitioners would have been free to occupy the properties in question without restraint ... State action, as that phrase is understood for the purposes of the Fourteenth Amendment, refers to exertions of state power in all forms". 334 U.S. at 15-20, 68 S.Ct. at 843-845.

See also United States v. Classic, supra, in which the court held that "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken `under color of law'". 313 U.S. at 326, 61 S.Ct. at 1043. See also Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945) and Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), overruled in part, Monell v. Department of Social Services of the City of New York, supra.
[5] Judges defending § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacity. Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980). Law enforcement officers possess only conditional immunity. Procunier v. Navarette, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978), Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1638, 40 L.Ed.2d 90 (1974). See also Onley v. Sims, 476 F.Supp. 974 (E.D. Pa.1980).
[6] Cf. Kermit Construction Corp. v. Banco Credito y Ahorro Ponceno, 547 F.2d 1 (1st Cir. 1976) (complaint which charged that bank and construction company conspired with court-appointed receiver to put corporation into receivership to avoid payment of corporate debt constituted action under color of state law); Jennings v. Shuman, 567 F.2d at 1220 (police officer who allegedly provided false information leading to plaintiff's arrest and conspired with the special prosecutor and district attorney could be liable under § 1983 "even if he was acting in a private capacity").

Where attorneys merely represent clients in the trial of private state court litigation the attorney's performance does not comprise state action. Raitport v. Provident National Bank, 451 F.Supp. 522 (E.D.Pa.1978), Kovacs v. Goodman, 383 F.Supp. 507 (E.D.Pa.1974), Myers v. Couchara, 313 F.Supp. 873 (E.D.Pa. 1970). However, where a plaintiff alleges that the attorney "joined or cooperated with" or "conspired" with state officers who acted under color of state law, state action will exist. Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa. 1964), aff'd per curiam, 345 F.2d 797 (3d Cir. 1965), Johnson v. Crumlish, 224 F.Supp. 22 (E.D.Pa.1963). See also Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) and Hamilton v. Jamieson, 355 F.Supp. 290 (E.D.Pa.1973).
[7] See, for example, the following parts of the complaint: "it was agreed and understood between [defendants] that [the Bank] would contact [the] district justice ... in an attempt to secure the institution of criminal proceedings ..." (¶ XII); "[p]ursuant to the agreement an employee of [the Bank] telephoned the district justice ... and discussed the possibility of filing a criminal prosecution ... [T]he district justice ... agreed to telephone defendant Longo ... to discuss the possibility of a criminal prosecution [against plaintiff] with him" (¶ XIII); "defendant Longo requested, persuaded, and induced the district justice to cooperate with both defendants in bringing a prosecution ..." (¶ XIV).

See also Jagielski v. Package Machine Corp., 489 F.Supp. 232 (E.D.Pa.1980).
[8] Defendants' contention that the complaint fails to meet the specificity requirements of pleading civil rights cases lacks merit. See generally Boddorff v. Publicker Industries, Inc., 488 F.Supp. 1107 (E.D.Pa.1980).