Richard **FLEMING**

v.

**MACK TRUCKS, INC.**

**Civ. A. No. 80–1914.**

United States District Court, E. D. Pennsylvania.

Jan. 15, 1981.

Wilbur Creveling, Allentown, Pa., for plaintiff.

James Lanshe, Jr., Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In August 1978 defendant's newly revised job descriptions for its audit staff required certification as industrial auditors or public accountants. Consequently, plaintiff, a non-certified public accountant employed by defendant, lost his job. He instituted this action and claimed generally that the "blanket ban" of all non-certified public accountants violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the Civil Rights Act of 1870, 42 U.S.C. § 1981, and the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Specifically, plaintiff contends that defendant discriminated against him by denying him an available employment opportunity for which he qualified fully. Defendant now moves for judgment on the pleadings and for summary judgment.

The most elementary principles of law mandate granting of this motion. The Fourteenth Amendment proscribes unequal treatment by state action or conduct under color thereof;[1] it does not reach acts of private discrimination.[2] This notion lies

> firmly embedded in our constitutional law ... [T]he action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That amendment erects no shield against merely private conduct, however discriminatory or wrongful.[3]

Moreover, plaintiff has alleged no facts from which state action may be imputed to defendant, a private entity.[4] Plaintiff has also failed to articulate any legally cogniza-

1. The amendment provides that no *state* shall deprive a person of "life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws".

2. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974), *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972), *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), *Reitman v. Mulkey,* 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967), *United States v. Price,* 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966), *United States v. Guest,* 383 U.S. 745, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966), *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), *Civil Rights Cases,* 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883).

3. *Shelley v. Kramer,* 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948). *See also Henderson v. Fisher,* 631 F.2d 1115 (3d Cir. 1980).

4. "State action" may be imputed to private conduct where state courts enforce private agreements, where the state "significantly" involves itself with the private party, or where there was private performance of a government function. *Dennis v. Sparks,* —— U.S. ——, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). *Gilmore v. Montgomery,* 417 U.S. 556, 94 S.Ct. 2416, 41 L.Ed.2d 304 (1974), *Jackson v. Metropolitan Edison Co., supra, Moose Lodge No. 107 v.*

ble claim under § 1981,[5] which protects individuals against racial discrimination.[6] Plaintiff alleged that defendant discriminated against him on the basis of his professional qualifications, not race. Similarly, the aegis of Title VII [7] covers race, religion, sex and national origin;[8] it does not include public accountants as such.[9] Finally, even if Title VII did, plaintiff has failed to allege that he filed appropriate charges with the Equal Employment Opportunity Commission against defendant and otherwise complied with this compulsory jurisdictional prerequisite.[10] Accordingly, defendant's motion for summary judgment will be granted.[11]

*Irvin, supra, Reitman v. Mulkey, supra, Evans v. Abney*, 396 U.S. 435, 90 S.Ct. 628, 24 L.Ed.2d 634 (1970), *Adickes v. S. H. Kress & Co., supra, Hunter v. Erickson*, 393 U.S. 385, 89 S.Ct. 557, 21 L.Ed.2d 616 (1969), *Robinson v. Florida*, 378 U.S. 153, 84 S.Ct. 1693, 12 L.Ed.2d 771 (1964), *Lombard v. Louisiana*, 373 U.S. 267, 83 S.Ct. 1122, 10 L.Ed.2d 338 (1963), *Barrows v. Jackson*, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953), *Shelley v. Kramer, supra*. In this circuit see *Henderson v. Fisher*, 631 F.2d 1115 (3d Cir. 1980) and *Benner v. Oswald*, 592 F.2d 174 (3d Cir. 1979).

See also *Arment v. Commonwealth National Bank*, 505 F.Supp. 911 (E.D.Pa.1981) and *Skrocki v. Caltabiano*, No. 80–3132 (E.D.Pa. January 14, 1981).

5. This section provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts . . . as is enjoyed by white citizens . . ."

6. *McDonald v. Santa Fe Transportation Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976), *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), *Johnson v. Railway Express Agency*, 421 U.S. 454 (1975), *Sullivan v. Little Hunting Park*, 396 U.S. 229, 96 S.Ct. 400, 24 L.Ed.2d 386 (1969), *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2188, 20 L.Ed.2d 1189 (1968), *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), *Hague v. Committee for Industrial Organization*, 307 U.S. 496 (1939), *Virginia v. Rives*, 100 U.S. 313, 25 L.Ed. 667 (1880). In this district, see *Boddorff v. Publicker Industries, Inc.*, 488 F.Supp. 1107 (E.D.Pa.1980).

7. § 2000e–2 provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual . . . with respect to terms . . . of employment based on such individual's race, color, religion, sex or national origin . . ."

8. See *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977) (religion); *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976) (sex); *Espinoza v. Farah Manufacturing Co.*, 414 U.S. 86, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973) (national origin); and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (race).

9. See, for example, *King v. Seaboard Coast Line Railroad*, 538 F.2d 581, 583 (4th Cir. 1976) ("Title VII is limited in application to discrimination in employment based on race, color, religion, sex or national origin; it does not cover other types of discrimination, however unfair they may be"). Cf. *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971) (Congress did not intend by this statute to guarantee a job to every person regardless of qualifications).

10. See *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) and *McDonnell Douglas Corp. v. Green, supra*. In this circuit see *Hicks v. ABT Associates, Inc.*, 572 F.2d 960 (3d Cir. 1978), *Richerson v. Jones*, 572 F.2d 89 (3d Cir. 1978), *Glus v. G. C. Murphey Co.*, 562 F.2d 880 (3d Cir. 1977), *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (3d Cir. 1976), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1977), *Fekete v. United States Steel Corp.*, 424 F.2d 331 (3d Cir. 1970), *Hauck v. Xerox Corp.*, 493 F.Supp. 1340 (E.D.Pa.1980).

11. For present purposes the Court accepted as true the allegations in plaintiff's complaint. *Arment v. Commonwealth National Bank, supra*. Summary judgment is appropriate since defendant is entitled to judgment as a matter of law and no genuine issue as to any material fact exists. See Fed.R.Civ.P. 56(c) and *Hollinger v. Wagner Mining Equipment Co.*, 505 F.Supp. 894 (E.D.Pa.1981).