**William Earl DAVIS, Appellant,**

v.

**Billy Stile SMITH, Deputy Sheriff; and Robert Mays, Sheriff, Lee County, Arkansas, Appellees.**

No. 80–1409.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 23, 1981.

Decided Jan. 28, 1981.

---

Daggett, Daggett & Van Dover by David W. Cahoon, Marianna, Ark., for appellees.

William Earl Davis, pro se.

Before LAY, Chief Judge, and BRIGHT and HENLEY, Circuit Judges.

LAY, Chief Judge.

William Earl Davis appeals from a judgment in his favor in an action under 42 U.S.C. § 1983 on the ground that the damage award was inadequate. Davis filed a pro se complaint alleging cruel and unusual punishment by virtue of his detention for sixteen days in a "punishment" cell of the county jail in Lee County, Arkansas.[1] Davis requested $100,000.00 damages from defendant Billy Stile Smith, Chief Deputy Sheriff and jailer of Lee County, and $100,-000.00 damages from Robert May, Sheriff of Lee County.

---

1. Appellant was detained in the Lee County Jail for eleven months and twenty-one days pending trial on a charge of capital murder. He was convicted in August, 1978, and transferred to the Arkansas Department of Correction, Cummins Unit, where he is presently incarcerated.

After a nonjury trial the district court, the Hon. William R. Overton presiding, concluded that conditions in the "punishment" cell constituted cruel and unusual punishment in violation of the eighth amendment. Davis occupied the punishment cell on three occasions for a total of sixteen days. The bare, concrete cell measured approximately six feet by ten feet. As many as six prisoners were placed in the cell for up to six days at a time. No mattresses, blankets or pillows were provided. The toilet facility in the cell was a "hole in the floor" which could be flushed only by someone outside the cell. The toilet was sometimes unflushed for hours after its use. Toilet paper and other articles for personal hygiene were not provided. There was no washbasin or running water in the cell. The cell was unheated, and the prisoners slept huddled together for warmth on the steel bunk or concrete floor.

█ Although the court's finding of an eighth amendment violation is not challenged, we think it essential that we clarify the scope of the constitutional rights of pretrial detainees. A person committed to pretrial detention may be subjected to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536–37, 99 S.Ct. 1861, 1872–1873, 60 L.Ed.2d 447 (1979). *Campbell v. Cauthron*, 623 F.2d 503, 505 (8th Cir. 1980). The critical inquiry is "whether particular restrictions and conditions accompanying pretrial detention amount to punishment in the constitutional sense of that word." *Bell v. Wolfish*, 441 U.S. at 538, 99 S.Ct. at 1873. In this case it was not essential that defendant's liability rest upon punishment constituting cruel and unusual treatment.[2] The court's finding that the conditions of Davis' pretrial detention con-stituted punishment under the eighth amendment was clearly sufficient to establish a violation of Davis' due process rights under the fourteenth amendment.

Davis alleged that he developed hemorrhoids during his confinement in the punishment cell and that Deputy Smith denied his request for medical care. The district court found insufficient evidence to establish that the hemorrhoids were caused by the conditions in the cell or that the denial of medical care violated Davis' constitutional rights. At trial the only medical evidence produced was that of Aubry Bradbury, a registered nurse and Infirmary Administrator at Cummins where the plaintiff is now confined. Although there is not competent evidence in the record to show that Davis' unlawful confinement in the Lee County jail caused his hemorrhoids, the evidence does tend to show that Davis' hemorrhoidal condition could have been aggravated by Davis' sleeping on cold cement floors. At the time of his confinement, he asked for medical assistance and this was refused. As we read the findings of the district court, it is not clear that the question of aggravation of Davis' hemorrhoidal condition was considered.

█ Davis was awarded $800.00 by the district court, computed at $50.00 per day for the sixteen days he spent in the punishment cell. The standard of review to be applied when assessing sufficiency of damages awarded by the district court in a nonjury case is under the "clearly erroneous" rule. *Taylor v. Pre-Fab Transit Co.*, 616 F.2d 374, 375 (8th Cir. 1980); *Hysell v. Iowa Public Service Co.*, 534 F.2d 775, 786 (8th Cir. 1976); *Zatina v. Greyhound Lines, Inc.*, 442 F.2d 238, 242–43 (8th Cir. 1971). Findings of the trial court will not be reversed by the appellate court unless it is "left with the definite and firm conviction that a mistake has been committed." *Zenith Radio Corp. v. Hazeltine Research, Inc.*,

---

2. In *Ingraham v. Wright*, 430 U.S. 651, 671–72 n.40, 97 S.Ct. 1401, 1412–1413 n.40, 51 L.Ed.2d 711 (1977), the court recognized the distinction by observing:

[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

395 U.S. 100, 123, 89 S.Ct. 1562, 1576, 23 L.Ed.2d 129 (1969), quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948).

As indicated, the district court neither explained fully the reasons for the award nor considered the extent to which Davis' confinement amounted to unlawful punishment under *Wolfish* (as opposed to cruel and unusual punishment under the eighth amendment). Thus, in view of the essentially minimal nature of the award of damages, we are confident that the award was made with a mistaken legal approach to the quantum of compensable injury inflicted as punishment and with a possible disregard of the question of aggravation of appellant's hemorrhoidal condition. It is difficult to conceive of a situation where the conditions imposed by the state officials are so far out of proportion to the legitimate objectives of pretrial detention. In cases involving constitutional rights, compensation "should not be approached in a niggardly spirit. It is in the public interest that there be a reasonably spacious approach to a fair compensatory award for denial or curtailment of the right...." *Tatum v. Morton*, 562 F.2d 1279, 1282 (D.C. Cir.1977). Abuses, degradation and denials of the basic amenities of life cannot be tolerated within any lawful confinement. As long as jailers subject pretrial detainees to conditions amounting to human degradation, the law will continue to view such confinement as punishment without due process of law and the responsible authorities will subject themselves to damages. Specifying such damages will always be difficult, but they must at least be an amount which will assure the victim that personal rights will not be lightly regarded by state officials or federal courts. In view of the necessity for remand we urge the district court to reconsider the award in its entirety.

The judgment of the district court is vacated and the cause remanded for further proceedings consistent with this opinion.

HENLEY, Circuit Judge, dissenting.

The opinion of the panel correctly reflects the state of the law and the standard under which the court reviews nonjury awards of damages by district courts. Even so, the judgment appealed from should be affirmed.

The sole issue on appeal is whether the award of $800.00 is enough to compensate appellant for a hemorrhoid condition which he insists was caused by unlawful confinement and which he says is permanent. The district court found against appellant on this issue in terms that I consider adequate to cover aggravation of the condition as well as causation of the basic condition.

We are cited to no independent evidence of causal connection between the confinement and the hemorrhoids from which we can say that the district court erred. The most favorable evidence that appears in the transcript is a statement by a prison nurse that confinement "might" have aggravated Davis' condition.

Even though the court construes pro se pleadings liberally in an effort to achieve substantial justice, I think we should not expand the case beyond fair articulation of appellant's claim, and I would affirm the judgment of the district court.