Louis J. BIANCONE

v.

John H. KRAMER, Sheriff, Berks County, Pa., Robert Mann, Deputy Sheriff, Berks County, Pa. County Commissioners, Berks County, Pa.

Civ. A. No. 80–4052.

United States District Court, E. D. Pennsylvania.

May 4, 1981.

G. J. Pelagatti, Philadelphia, Pa., for plaintiff.

C. Wilson Austin, Sol., Berks County, Reading, Pa., for Commissioners.

Emmanuel H. Dimitriou, Reading, Pa., for Sheriff and Deputy.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Courts construe pro se complaints alleging civil rights violations generously and broadly, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *Ross v. Meagan*, 638 F.2d 646 (3d Cir. 1981), *Arment v. Commonwealth National Bank*, 505 F.Supp. 911 (E.D.Pa.1981), but nonetheless require not only that plaintiff plead his claim with specificity, *Hall v. Pennsylvania State Police*, 570 F.2d 86 (3d Cir. 1978), *Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir. 1970), *Boddorff v. Publicker Industries, Inc.*, 488 F.Supp. 1107 (E.D.Pa. 1980), but also that he allege facts showing "direct, personal involvement by defendants in conduct depriving plaintiff of his rights as well as active knowledge and acquiescence on the defendant's part". *Ressler v. Scheipe*, 505 F.Supp. 155 (E.D.Pa.1981). *See also Maute v. Cuyler*, No. 81–302 (E.D.Pa. May 4, 1981).

In the case at bar, plaintiff instituted this litigation against the sheriff of Berks County, Pennsylvania, his deputy and the county commissioners for compensatory and punitive damages under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for injuries he allegedly sustained during pre-trial detainment at the Berks County Courthouse holding cell. Accepting as true, for present purposes, the allegations in plaintiff's complaint, *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), on August 13, 1980 plaintiff occupied a cell with two other prisoners in a basement detention facility while he awaited the court's consideration of a petition for a writ of habeas corpus. During this time

a prisoner in an adjoining cell requested that he be permitted to use the bathroom. His repeated requests were ignored for more than an hour and the inevitable happened . . .

Thereupon all the prisoners became boisterous over the deputy sheriff's inattention and negligence;

Defendant Mann, who was alone in the cell block at the time, removed one of the prisoners . . . from plaintiff's cell and locked him in the cell with the prisoner who had soiled his pants;

Plaintiff remained locked in the cell with another prisoner . . .

Shortly thereafter, Defendant Mann informed plaintiff . . . that he was going to be handcuffed to the prisoner who had "messed" himself, on the return trip to the Berks County Prison. Plaintiff replied, "you can cuff me to anybody you want, but not him—he stinks;"

When it was time to return to the prison Defendant Mann, without provocation, with the assistance of two other deputy sheriffs, unlocked the cell door, kicked plaintiff in the groin and proceeded to spray plaintiff with a burning chemical (presumably Mace) causing severe burns about the face, ears and eyes; . . . [complaint ¶¶ 10(e)–(j).]

Plaintiff also complained that the excessive temperature in the cell and the lack of proper ventilation and lavatory facilities subjected him to cruel and unusual punishment within the meaning of the Eighth Amendment. Defendants now move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Affidavits accompanying the motion, considered by the Court, and limited to plaintiff's claims concerning the sheriffs, require treatment of that part of the motion as one for summary judgment. Fed.R.Civ.P. 12(b), *Moreland v. Western Pennsylvania Interscholastic,* 572 F.2d 121 (3d Cir. 1978), *Mortensen v. First Federal Savings & Loan Association,* 549 F.2d 884 (3d Cir. 1977). The basis of defendants' motion appears to be that the legality of plaintiff's incarceration abrogates any civil rights claim which he may have. Clearly, this argument lacks merit. Plaintiff has alleged that the sheriffs acted under color of state law to deprive him of rights guaranteed by the Constitution; plaintiff has stated a claim. *See Maute v. Cuyler,* No. 81–302 (E.D.Pa. May 4, 1981), *Skrocki v. Caltabiano,* 505 F.Supp. 916 (E.D. Pa.1981).

Plaintiff's complaint with the county commissioners lies in his challenge to the "deplorable substandard detention facilities" at the Berks County Courthouse. Although plaintiff, a pre-trial detainee, considers these conditions violative of the Eighth Amendment, the appropriate constitutional inquiry focuses upon the Fourteenth Amendment Due Process Clause and this question: Do the conditions amount to punishment of the detainee? *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), *Maute v. Cuyler, supra.* In the case at bar, plaintiff complains of the "stifling" heat, the lack of ventilation, inconvenient lavatories and inaccessible water fountains. Whether these particular restrictions and conditions accompanying pretrial detention rise to the level of constitutionally interdicted "punishment" requires *the court* to decide whether

the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination will generally turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment". Conversely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

*Bell v. Wolfish,* 441 U.S. at 538–39, 99 S.Ct. at 1873–74 (footnote and citations omitted), quoting *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963). Plaintiff has not alleged that his placement in the detention facility served as punishment for any prior conduct. *Cf. Maute v. Cuyler, supra* (plaintiff alleged transfer to a particular place for exercising his First Amendment rights). The Fourteenth Amendment does not require that pretrial detention facilities, which house defendants for short periods of time, be air-conditioned and equipped with individual lavatory facilities. However much plaintiff may have disliked the atmosphere of the cell block,

> the purpose of the facility is to detain. Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility. And the fact that such detention interferes with the detainee's desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into punishment.

*Bell v. Wolfish,* 441 U.S. at 537, 99 S.Ct. at 1873. In sum, against the county commissioners plaintiff has failed to state a claim and, therefore, this part of the complaint will be dismissed.

As to the sheriffs plaintiff has stated a claim. The affidavits raise genuine issues of material fact concerning the disturbance in the cell block that day. Defendants contend that plaintiff demanded to be removed from the cell because another occupant thereof was black and that plaintiff attacked the sheriff when he opened the cell. Plaintiff argues that no racial disturbance occurred among the prisoners and that the sheriff became angry at criticism directed at him for not allowing one prisoner to go to the bathroom. Accordingly, defendants' motion for summary judgment will be denied. *See Fleming v. Mack Trucks, Inc.,* 505 F.Supp. 169 (E.D.Pa. 1981), and *Hollinger v. Wagner Mining Equipment Co.,* 505 F.Supp. 894 (E.D.Pa. 1981).