**William MAUTE**

v.

**Lawrence V. ROTH, Warden, Montgomery Co. Prison, J. T. Cuyler, Robert N. Mauger, Lawrence J. Reid.**

Civ. A. No. 81–0302.

United States District Court,
E. D. Pennsylvania.

May 4, 1981.

William Maute, pro se.

John M. McAllister, Philadelphia, Pa., for L. V. Roth.

LeRoy S. Zimmerman, Pa. Atty. Gen. and John T. Kalita, Jr., Deputy Atty. Gen., Harrisburg, Pa., for remaining defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

■ Named as defendants in this civil rights litigation, the superintendent of the State Correctional Institution at Graterford (SCIG) and two of his deputies now move to dismiss plaintiff's complaint on the grounds that plaintiff has failed to plead violations of his civil rights with requisite specificity and for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Plaintiff's *pro se* complaint will be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and in its entirety. *Arment v. Commonwealth National Bank*, 505 F.Supp. 911 (E.D.Pa.1981). All reasonable inferences therefrom will be indulged, *Braden v. University of Pittsburgh*, 552 F.2d 948 (3d Cir. 1977), and for present purposes, the truth of plaintiff's allegations will be assumed. *Jenkins v. McKeithin*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed. 404 (1969).

■ During pre-trial detainment plaintiff was transferred from the Montgomery County Prison to SCIG, where plaintiff eventually was placed in the "E Block" Gallery lockup and allegedly denied access to his lawyer, his doctor, a notary public, and prospective witnesses for his imminent trial. Plaintiff instituted this action to recover compensatory and punitive damages and declaratory and injunctive relief under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and listed ten causes of action attempting to detail defendants' conspiracy to deprive him of his constitutional rights.

In the first cause of action plaintiff claimed that

the defendants herein named did conspire to deny plaintiff his rights under the First, Fourteenth and Eighth Amendments to the United States Constitution.

Despite the generous construction afforded *pro se* complaints, a civil rights complaint must be pleaded with specificity. *Hall v. Pennsylvania State Police*, 570 F.2d 86 (3d Cir. 1978), *Skrocki v. Caltabiano*, 505 F.Supp. 915, 916 (E.D.Pa.1981). Plaintiff must "identify with particularity the con-

**176**

duct violating plaintiffs' rights, the time and place of these actions, and the people responsible therefor". *Boddorff v. Publicker Industries, Inc.*, 488 F.Supp. 1107, 1108 (E.D.Pa.1980), for agreement to commit an unlawful act lies at the heart of conspiracy. *Ammlung v. City of Chester*, 494 F.2d 811 (3d Cir. 1974), *Arment v. Commonwealth National Bank, supra.* In the case at bar plaintiff alleged that his lockup resulted from his involvement in work stoppages and peaceful demonstrations and occurred without any procedural protections. To evaluate the constitutionality of conditions or restrictions of pre-trial detention, the Court must decide if they amount to "punishment" of the detainee, which, in the constitutional sense of that word, requires the Court to decide if

> the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment". Conversely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

*Bell v. Wolfish*, 441 U.S. 520, 538, 99 S.Ct. 1861, 1874, 60 L.Ed.2d 447 (1979) (citations omitted), quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963). *See also Biancone v. Kramer*, 513 F.Supp. 908 (E.D. Pa.1981). In the case at bar, plaintiff has alleged that defendants treated him in this manner as punishment or retaliation for engaging in conduct argu-

ably protected by the First Amendment. Plaintiff has also alleged that defendants denied him "access to the courts as guaranteed by the First Amendment to the Constitution". Plaintiff should amend the complaint to identify specifically the factual basis of his First and Fourteenth Amendment claims.

Similarly, in the sixth cause of action plaintiff alleged that "the defendants herein named did conspire to deny plaintiff his rights under the Fourteenth Amendment, Due Process and Equal Protection of the Law". Apparently, plaintiff considers defendants' treatment of pre-trial detainees unconstitutional. Defendants permitted convicted inmates, but not him, phone calls, access to a law library, a notary public, and visits from friends and family. Evidently, plaintiff also thinks defendants denied him due process of law because of his summary placement in lockup without sufficient procedural protections. In any event, plaintiff will be granted leave to amend the complaint to identify specifically what and whose conduct violated these constitutional guarantees. *See Ross v. Meagan*, 638 F.2d 646, No. 79–1920 (3d Cir. January 16, 1981), *Lang v. Windsor Mount Joy Mutual Insurance Co.*, 487 F.Supp. 1303 (E.D.Pa.), *aff'd*, 636 F.2d 1209 (3d Cir. 1980), *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D.Pa.1980).

Likewise, in the fifth cause of action plaintiff alleged that "the defendants herein named did conspire to subject this Plaintiff to unlawful discrimination, in direct violation of the United States Constitution". This allegation also requires greater specificity.

In the fourth cause of action plaintiff alleged that "the defendants named did conspire to deny Plaintiff his rights to be free from Cruel and Unusual Punishment, as guaranteed by the Eighth Amendment to the United States Constitution". Plaintiff appears to challenge either the lack of proper medical attention or the conditions of his confinement as violative of the Eighth Amendment, which the Court

will deem to be a claim under the Fourteenth Amendment Due Process Clause. *See Bell v. Wolfish, supra.* Here again, plaintiff should clarify the factual basis of this claim.

Finally, in four other paragraphs plaintiff alleged that

the defendants herein named did conspire to deny this plaintiff his rights to a fair and impartial trial as guaranteed by the United States Constitution [;]

the defendants herein named did conspire to deny plaintiff his rights as a pretrial detainee to be innocent until proven guilty, as guaranteed by the United States Constitution [;]

the defendants herein named did conspire to deny plaintiff his rights to visits with his wife, family and friends, as enjoyed by the other inmates of this institution [;]

the defendants herein named did conspire to deny plaintiff his rights to telephone calls and by doing so, the right to contact witnesses, necessary for the defense of this Plaintiff for the criminal charges, [which] he is now incarcerated for [i]n direct violation of the United States Constitution [; and]

the defendants herein named did conspire to deny Plaintiff his rights to contact his Attorney, to properly prepare and perfect his defense, in direct violation to the United States Constitution.

In these statements plaintiff claims that defendants conspired to impinge upon his Sixth Amendment rights, which, for pre-trial detainees, the Court of Appeals has construed to encompass several federally protected liberty interests, including effective assistance of counsel, a speedy trial, the "least drastic length of confinement" and proximity to potential witnesses. *Cobb v. Aytch*, 643 F.2d 946, 958 (3d Cir. 1981). In short, pre-trial detainees "retain several constitutionally protected liberty interests relevant to the conditions of their confinement that are not fully available to sentenced inmates". *Id.* at 957. The parameters of the Sixth Amendment include plaintiff's right to counsel, *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411

(1977), *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and access to prospective witnesses. *Perkins v. Wagner*, 513 F.Supp. 904 (E.D.Pa.1981). Whether plaintiff ultimately will prevail on these claims need not be resolved presently, for plaintiff's contentions are at least "arguable on the merits", *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 49 (1967), and do not appear beyond a doubt to be unsupportable by facts entitling him to relief. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972), *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Importantly, the analysis outlined in *Bell v. Wolfish* does not apply to Sixth Amendment claims. *Cobb v. Aytch, supra.* One further point deserves attention. In amending the complaint, plaintiff shall specifically identify when, where and who violated which of his rights, for "direct, personal involvement by defendants in conduct depriving plaintiff of his rights as well as active knowledge and acquiescence on the defendant's part" must be alleged. *Ressler v. Scheipe*, 505 F.Supp. 155 (E.D.Pa.1981), *Bracey v. Grenoble*, 494 F.2d 566 (3d Cir. 1973). Unlike situations where plaintiffs alleged only "failure to properly supervise guards and prisoners" and "conceal[ing] abuse by prison guards", *see Curtis v. Everette*, 489 F.2d 516 (3d Cir. 1973), *cert. denied sub nom. Smith v. Curtis*, 416 U.S. 985, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974), *Brown v. Sielaff*, 474 F.2d 826 (3d Cir. 1973), plaintiff in the case at bar alleged that defendants denied him proper medical attention and access to his attorney, the law library and prospective witnesses. If plaintiff amends his complaint accordingly, he will have identified and alleged with sufficient precision persons who acted under color of law to deprive plaintiff of rights guaranteed by the Constitution. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978), *Arment v. Commonwealth National Bank, supra, Skrocki v. Caltabiano*, 505 F.Supp. 916 (E.D.Pa.1981). *See also* 42 U.S.C. § 1983. Accordingly, defendants' motion to dismiss will be denied.