John Allen GOODMAN, a/k/a
Theodore Chase

v.

Danial WAGNER.

Civ. A. No. 82–3277.

United States District Court,
E.D. Pennsylvania.

Dec. 15, 1982.

John Allen Goodman, pro se.

Kenneth Sands, Peter F. Cianci, Reading, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

 *Pro se* complaints must be liberally construed, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), and a dismissal thereof is improper unless plaintiff has alleged "no set of facts" which could establish entitlement to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). In making such a determination, courts undertake a "painstaking[ ]" effort to insure that plaintiff's lack of familiarity with procedural and substantive law does not result in the forfeiture of a "potentially" valid claim. *Mazur v. Commonwealth of Pennsylvania,* 507 F.Supp. 3, 4 (E.D.Pa.1980), *aff'd,* 649 F.2d 860 (3d Cir.), *cert. denied,* 452 U.S. 962, 101 S.Ct. 3111, 69 L.Ed.2d 973 (1981). Nevertheless, *pro se* litigants must abide by applicable rules, *Martinez-McBean v. Government of Virgin Islands,* 562 F.2d 908, 913 (3d Cir.1977); *Hutter Northern Trust v. Down County Chamber of Commerce,* 467 F.2d 1075, 1076, 1079 (7th Cir.1972), and their solicitous treatment by judges should not amount to the Court's assumption of the role of "surrogate attorney". *Mazur v. Commonwealth of Pennsylvania,* 507 F.Supp. at 4.

In the case at bar, plaintiff complains that the medical treatment which he receives while incarcerated at Berks County Prison is of such a poor quality that it rises to level of "deliberate indifference" and violates rights secured by the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Defendants, Berks County Prison officials, move to dismiss.

 Before addressing defendants' motion we note that Eighth Amendment rights are not directly implicated since plaintiff is currently confined as a pre-trial detainee. *Perkins v. Wagner,* 513 F.Supp. 904, 906 (E.D.Pa.1981); *Biancone v. Kramer,* 513 F.Supp. 908, 909 (E.D.Pa.1981). As such, his rights are broader than those possessed by inmates after sentencing. *Cobb v. Aytch,* 643 F.2d 946, 957 and 962 (3d Cir.1981) (*en banc*); *Norris v. Frame,* 585 F.2d 1183, 1187 (3d Cir.1978); *Hampton v. Holmsberg Prison Officials,* 546 F.2d 1077, 1079 (3d Cir.1976). Therefore, in determin-

ing the standard against which defendants' lawful conduct is tested, we look to the Fourteenth Amendment's "due process" clause which prohibits "abusive treatment" and views the Eighth Amendment's proscriptions as providing a helpful "analog[y]". *Patzig v. O'Neill,* 577 F.2d 841, 847 (3d Cir.1978), *quoting, Hampton v. Holmsberg Prison Officials,* 546 F.2d at 1080. *See also, Davis v. Smith,* 638 F.2d 66, 68 (8th Cir.1981) and *Duran v. Elrod,* 542 F.2d 998, 1000 (7th Cir.1976). Further, pre-trial detainees may be properly subjected to institutional restrictions so long as they do not amount to "punishment". *Bell v. Wolfish,* 441 U.S. 520, 536–37, 99 S.Ct. 1861, 1872, 60 L.Ed.2d 447 (1979).

A broad construction of plaintiff's pleadings reveals the following facts: On Christmas Eve of 1975, plaintiff, then a detective in the Philadelphia Police Department, was shot in the right leg and foot. The following year he contracted osteomyelitis, a chronic infection of the bone marrow; if untreated it can allegedly cause death. Approximately six years after the shooting, the plaintiff's right leg was amputated. In May 1982, plaintiff, then confined to Berks County Prison and awaiting trial on unspecified charges, spoke to medical personnel at the prison and informed them that he needed specified medication [1] on a regular basis. Defendant Wagner purportedly refused to allow plaintiff to obtain the prescribed medicine and remarked that he did not "give a damn" what plaintiff's problems were. Plaintiff's subsequent request that he be permitted to see an outside bone doctor was also denied. Plaintiff asseverates that his life is threatened by his inability to obtain properly prescribed medicine and to see a physician in whom he reposes confidence.

In an "Added Statement of Facts" plaintiff complains that in September, 1978, he was the victim of a knifing at the prison. Shortly thereafter he received medical care at a local hospital but, upon his return to the prison, defendants failed to credit his complaints of severe pain. In a subsequently filed affidavit, plaintiff swears that the orders of the hospital physician that he receive medication and that his knife wound be cleaned on a daily basis were simply ignored by defendants. As a result thereof, plaintiff's wound became badly infected and he underwent a two-week hospitalization. Finally, defendants are still not following the hospital doctors' orders and refuse to provide plaintiff with medication and sterile dressings.

In summary, plaintiff's inartfully pleaded facts allege that, upon his incarceration, defendants refused him access to properly prescribed medication for a disease which, if untreated, is potentially fatal. Moreover, defendants have allegedly ignored repeated orders of hospital physicians who prescribed medicine and various other treatments for plaintiff's knife wounds.

■ We conclude that these allegations properly state a claim under the Civil Rights Act of 1871, 42 U.S.C. § 1983. In *Norris v. Frame,* 585 F.2d at 1188–89, the court held that the knowing failure of prison officials to permit pre-trial detainees to continue "legally and medically accepted" treatment stated a claim under § 1983. The *Norris* court also assailed prison officials who "merely substitute[d] [their] own medical judgment for an already prescribed course of treatment", *id.* at 1188 n. 16, and observed that, as in the case at bar, "[b]y incarcerating plaintiff . . . the state terminated his course of treatment without, as yet demonstrating a legitimate interest in doing so". *Id.* at 1189. *Cf, Davis v. Smith,* 638 F.2d at 68 (the refusal to provide medical care states a claim where plaintiff, a pre-trial detainee, alleges aggravation of a hemorrhoidal condition); *Martinez v. Mancusi,* 443 F.2d 921, 923 (2nd Cir.1970) (failure of prison officials to follow medical advice of an outside physician states a claim

---

**1.** In addition to his alleged bone disease, plaintiff has identified twenty maladies from which he suffers.

by a convicted felon.) *See also, West v. Keve,* 571 F.2d 158, 162 (3d Cir.1978); *Crocker v. Four Unidentified United States Marshals,* No. 81–5071, Slip op. at 4, n. 2 (E.D.Pa. November 30, 1982). *United States ex rel. Walker v. Fayette County, Pa.,* 599 F.2d 573, 575 (3d Cir.1979), also considered the rights of pre-trial detainees to adequate medical treatment. It concluded that detainees who inform prison authorities of an existing medical condition and request appropriate treatment, state a claim under *Estelle v. Gamble's* "deliberate indifference to serious medical needs" standard where inadequate treatment is received following a long period of delay.

Rather than conclude without observation that plaintiff has stated a claim, we think that the procedural posture of this case merits comment. In pressing his claim, plaintiff has filed a complaint, an "Added Statement of Facts", an affidavit and an amended complaint which is replete with asserted legal conclusions. Defendants complain *inter alia* that they cannot frame an intelligent answer to these multiple pleadings. They also argue that plaintiff failed to properly serve a number of defendants and to allege state action.

■ Although we remain sensitive to, and cognizant of, plaintiff's pleading errors, it would nevertheless be inappropriate to dismiss the action upon this record. Accordingly, we shall grant plaintiff leave to file a proper amended complaint which will supersede the existing myriad of pleadings and permit defendants to formulate an answer thereto. *United States ex rel. Walker v. Fayette County, Pa.,* 599 F.2d at 576. It goes without saying that in redrafting his complaint, plaintiff shall adhere to the requirement that he "plead facts with specificity", *Rotolo v. Borough of Charleroi,* 532 F.2d 920, 922 (3d Cir.1976) (*per curiam*), *Shoemaker v. Allender,* 520 F.Supp. 266, 270 (E.D.Pa.1981), and also identify with particularity the conduct violating his rights, the time and place of these actions and the people responsible therefor. *Boddorff v.*

*Publicker Industries, Inc.,* 488 F.Supp. 1107, 1112 (E.D.Pa.1980).

■ Once plaintiff has filed an appropriate amended complaint, defendants shall be required to produce, pursuant to plaintiff's request, all of plaintiff's medical records, doctors' notes and X-ray reports contained in defendants' files.

Defendants' opposition to plaintiff's discovery request is essentially premised upon the purported lack of "relevance" which the requested documents have to the instant action, a claim that production may place an undue "burden" upon defendants and that the request seeks information not subject to defendants' custody or control.

Even if we shared defendants' view that the requested medical records are not "relevant" we would nevertheless be forced to order the production thereof since "relevancy" is broadly construed for present purposes and creates a wide vista for discovery. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1976); *Schlagenhauf v. Holder,* 379 U.S. 104, 121, 85 S.Ct. 234, 244, 13 L.Ed.2d 152 (1964); *McClain v. Mack Trucks,* 85 F.R.D. 53–57 (E.D.Pa.1979). *See generally,* Federal Court Discovery, 95 F.R.D. 246.

■ As to the claim of undue burden, the party resisting discovery, defendants here, must demonstrate "specifically" how the request is burdensome. *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–97 (E.D. Pa.1980). Importantly, the Third Circuit has affirmatively adopted this standard. *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir.1982). Defendant has, however, failed to submit appropriate "affidavits" or other "evidence" sufficient to reveal the "nature of the burden". *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. at 297. Hence, defendants' claims of "burden" are overruled.

Finally, the requested discovery is objected to because it purportedly seeks documents in the custody or control of third persons. However, plaintiff's request (and our order) only require production of medi-

cal records "possessed and controlled" by defendants.

An appropriate order shall issue.