**Joseph Carl BROWN, Appellant,
and Paul Lyons**

v.

**Allyn R. SIELAFF, Commissioner of Corrections of Pennsylvania.**

No. 72–1635.

United States Court of Appeals,
Third Circuit.

Submitted Jan. 30, 1973.

Decided Feb. 23, 1973.

Joseph Carl Brown, pro se.

Michael Minkin, Asst. Atty. Gen., Dante Mattioni, Deputy Atty. Gen., E. D. Pa., and J. Shane Creamer, Atty. Gen., Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, ALDISERT, Circuit Judge, and LACEY, District Judge.

## OPINION OF THE COURT

PER CURIAM:

Appellant, a state prisoner, filed a complaint seeking injunctive relief and money damages under 42 U.S.C. § 1983 against "Allyn R. Sielaff, Commissioner of Correction, et al., defendant," alleging that he witnessed a disturbance in Graterford Prison, Philadelphia, on July 23, 1971, and that immediately thereafter was transported to another state prison,[1] where he was "compelled to suffer unwarranted solitary confinement under the directions of the defendant who is attempting to conceal abuse by his prison guards." He also alleged that "all legal notes, books, history of courts, etc.," disappeared in the course of his transfer. He later sought to amend his complaint by adding "as a

principal defendant" Robert L. Johnson, Graterford Warden. The motion to amend was denied and an appeal was taken to this court at No. 71–2023. Upon motion of appellee this appeal was dismissed on May 3, 1972. The cause then proceeded in the district court solely against Commissioner Sielaff, who filed a motion for summary judgment with accompanying affidavits. An affidavit of the Major of the Guard at Graterford revealed that nine prison officers were injured at Graterford on July 23, 1971, and that "Joseph Brown . . . participated in the disturbance." Brown has not denied this allegation. After the court granted the motion for summary judgment, Brown moved to vacate asserting that he had a valid claim against the prison officials for "loss of property," and for "maintaining him in solitary confinement for a period of three months." The motion to vacate was denied and the present appeal followed.

 For reasons other than those stated by the district court, we will affirm. Although the only defendant in this action is Commissioner Sielaff, the sole allegation which directly implicates him is the vague accusation of "attempting to conceal abuse by his prison guards." Although mindful of the admonition of Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we are convinced that this allegation is not sufficiently precise to constitute an allegation of a constitutional deprivation sustained by the appellant at the hands of the named defendant. The remaining allegations do not constitute a claim against Commissioner Sielaff for which relief may be granted. There is no allegation that he participated directly or indirectly in the circumstances constituting this claim.[2]

---

1. There is no allegation as to where the solitary confinement took place. Since the complaint was filed from Huntington, we shall assume it took place there.

2. We do not reach the retroactivity of Lynch v. Household Finance Corp., 405

U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), cf., National Land & Investment Co. v. Specter, 428 F.2d 91 (3d Cir. 1970); Gray v. Creamer, 465 F.2d 179 (3d Cir. 1972); and United States ex rel. Tyrrell v. Speaker, 471 F.2d 1197 (3d Cir. 1973).

■ We are not unmindful that appellant attempted to amend his complaint to add the Graterford Warden as a defendant on the issue of the missing legal materials and that an abortive appeal from a denial thereof was dismissed by us. Because appellant has not pressed this point in this appeal, we are unable to notice it. F.R.A.P. 28(b). We note, however, that appellant was given ample opportunity to contribute factual support to his general allegations relating to the missing papers, both in response to the motion for summary judgment and in his motion to vacate the judgment. This he failed to do. Therefore, even were this issue properly before us, we would not disturb the result reached by the district court on this issue. As to the solitary confinement allegation, it is sufficient to observe that no official of the institution where this alleged activity took place has been named as or identified as a party to these proceedings, Howell v. Cataldi, 464 F.2d 272 (3d Cir. 1972); nor was the solitary confinement issue raised as to the Graterford Warden.

The judgment of the district court will be affirmed.