**Arthur M. WOOTEN, Plaintiff-Appellant,**

**v.**

**Kermit SANDERS, Sheriff, Cobb County, et al., Defendants-Appellees.**

No. 77-3236

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 4, 1978.

George N. Sparrow, Jr., E. Wayne Wallhausen, East Point, Ga., for plaintiff-appellant.

Toby B. Prodgers, Marietta, Ga., George H. Connell, Jr., Atlanta, Ga., for Kermit Sanders.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

For the reasons stated therein, the order of the district court dismissing plaintiff's action as untimely was correct.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Plaintiff's action under 42 U.S.C.A. §§ 1983 and 1985 alleges that defendants assaulted him and caused him bodily injury when they arrested him. State law controls the limitations period for actions under these sections. Plaintiff claims that in Georgia an action for assault is governed by a three-year common law limitations period. The district court found that the three-year common law period, if it ever existed, was no longer the law of Georgia. Rather, it found that Ga.Code Ann. § 3–1004, which provides a two-year limitations period for "actions for injuries to the person," was applicable.

Since plaintiff was arrested on May 2, 1975 and released on May 5, 1975, but did not bring this action until July 15, 1977, his action is time barred by the two-year limitations period of § 3–1004.

AFFIRMED.