## Robert RESSLER

v.

## Walter G. SCHEIPE et al.

### Civ. A. No. 80–4186.

United States District Court, E. D. Pennsylvania.

Jan. 14, 1981.

---

Robert Ressler, pro se.

Marc G. Brecher, Asst. Atty. Gen., Comm. of Pa., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Presently incarcerated at the State Correctional Institute at Graterford (SCIG), plaintiff filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and alleged that he was assaulted sexually there one time and on several occasions at the Berks County Prison, where he had been confined previously. Defendant Cuyler, the superintendent at SCIG, now moving to dismiss, argues that the complaint fails to state a claim upon which relief can be granted under Section 1983, the essential elements of which include conduct done by one person acting under color of law to deprive another of his constitutional rights. See Skrocki v. Caltabiano, No. 80–3132 (E.D.Pa. January 14, 1981) and Arment v. Commonwealth National Bank, 505 F.Supp. 911 (E.D.Pa.1981).

Liability under Section 1983 cannot be imposed vicariously or under traditional grounds of respondeat superior. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976), Goode v. Rizzo, 506 F.2d 542 (3d Cir. 1974), rev'd on other grounds, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Direct, personal involvement by the defendant in conduct depriving a plaintiff of his rights as well as active knowledge and acquiescence on the defendant's part must be alleged. Bracey v. Grenoble, 494 F.2d 566 (3d Cir. 1973), Brown v. Sielaff, 474 F.2d 826 (3d Cir. 1973). In the case at bar plaintiff does not allege that defendant participated directly or indirectly in the assault upon plaintiff, Brown v. Sielaff, supra, or that defendant had reason to know that the prisoners who attacked plaintiff would commit this act or that similar ones had occurred previously. Curtis v. Everette, 489 F.2d 516 (3d Cir. 1973), cert. denied sub nom. Smith v. Curtis, 416 U.S. 985, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974). Plaintiff accuses defendant only of "negligent or intentional failure to properly supervise guards and prisoners ... [and] depriv[ing] him of reasonable and adequate protection from actual violence and sexual attacks by others".

In Brown v. Sielaff, supra, plaintiff alleged that the defendant, the commissioner of correction, "attempt[ed] to conceal abuse by his prison guards". The Court of Appeals considered the allegation insufficiently precise to state a claim. Similarly, in the case at bar plaintiff's allegation against defendant does not allege defendant's personal involvement or actual knowledge or acquiescence in the assault upon plaintiff. True, pro se complaints must be construed liberally, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1970), but this standard does not relieve a plaintiff from the obligation to plead violations of his civil rights with specificity. See Boddorff v. Publicker Industries, Inc., 488 F.Supp. 1107 (E.D.Pa.1980) and cases cited therein. Accordingly, defendant's motion will be granted.