Richard STURTS (formerly Inmate # 79–10369)

v.

CITY OF PHILADELPHIA, et al.

Civ. A. No. 81–1022.

United States District Court, E. D. Pennsylvania.

Jan. 6, 1982.

---

Jeffrey M. Voluck, Philadelphia, Pa., for plaintiff.

Gerald T. Clark, Asst. City Sol., Philadelphia, Pa., for defendant.

## MEMORANDUM

BECHTLE, District Judge.

On October 5, 1981, the Court entered an Order granting in part and denying in part defendants' motion to dismiss in this civil rights action brought under 42 U.S.C. § 1983 by a former prison inmate. The following Memorandum is entered in support of that Order.

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be granted only where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). All well-pleaded material allegations of the complaint must be taken as admitted. *Miree v. Dekalb*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977); *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975); *Walker v. Food Machinery*, 382 U.S. 172, 174, 86 S.Ct. 347, 348, 15 L.Ed.2d 247 (1965); 2A *Moore's Federal Practice*, ¶ 12.08 (2d ed. 1980).

The plaintiff, Richard Sturts, was formerly an inmate at the Holmesburg Correctional Institution, Philadelphia, Pennsylvania. On April 27, 1980, plaintiff was attacked by another inmate, Allen Wimberly, with a razor blade while plaintiff was walking back to his cell. As a result of this attack, plaintiff sustained injuries to his neck, face and eye. Thereafter, plaintiff was taken to the Holmesburg Medical Center and was treated by defendant Ernest Williams and other members of the medical staff for his injuries. Plaintiff received stitches to his neck, face and eye.

## I.

Counts I–III of plaintiff's amended complaint are directed against the following defendants: City of Philadelphia; Holmesburg Correctional Institution; Thomas J. Kelly, Warden of Holmesburg Prison; David S. Owens, Superintendent of Philadelphia Prisons; Irene F. Pernsley, Commissioner of the Department of Public Welfare; Ernest Williams, Medical Director of Holmesburg Prison Health Services; and John Doe, Guard at Holmesburg Prison. In Counts I–III, plaintiff claims that these defendants inflicted "cruel and unusual punishment" under the Eighth Amendment because they acted "wilfully, knowingly and with specific intent" by failing to provide adequate security protection, supervision and control over inmates, thus permitting plaintiff to be attacked by the other inmate, Allen Wimberly. Plaintiff further alleges that defendants failed to segregate defendant Allen Wimberly from the general prison population because of his alleged reputation for violent and highly irrational behavior.

It has been a long-standing requirement "that a civil rights complaint contain a modicum of specificity, identifying the particular conduct of defendants that is alleged to have harmed" the plaintiff. *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981); *Rotolo v. Borough of Charleroi, et al*, 532 F.2d 920, 922–23 (3d Cir. 1976); *Negrich v. Hohn*, 379 F.2d 213, 215 (3d Cir. 1967). This standard is necessary to "weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the doors of the federal courts open to legitimate claims." *Kauffman v. Moss*, 420 F.2d 1270, 1276 n. 15 (3d Cir. 1970), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970). Vague and conclusory allegations, such as "intentionally, wilfully and recklessly," are, without more, insufficient to make out a complaint under 42 U.S.C. § 1983. *Curtis v. Everette*, 489 F.2d 516, 521 (3d Cir. 1973); *Esser v. Weller*, 467 F.2d 949, 950 (3d Cir. 1972); *Kauffman*, 420 F.2d at 1275; *Negrich*, 379 F.2d at 215. Plaintiff is represented by legal counsel. Accordingly, his amended complaint need not be given the liberal construction normally applied to a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Conley*, 355 U.S. at 47, 78 S.Ct.

at 102; *Maute v. Roth*, 90 F.R.D. 174, 175 (E.D.Pa.1981).

■ Applying these standards to the proceeding *sub judice*, plaintiff's amended complaint—Counts I–III—must be dismissed with respect to all defendants against whom these claims were made. With respect to defendant City of Philadelphia, plaintiff states that defendant acted "recklessly, carelessly and negligently"[1] by failing to provide adequate protection for inmates and by failing to segregate inmate Allen Wimberly from the general prison population because of his alleged violent and irrational behavior. Plaintiff, however, sets forth no facts to support these broad conclusory allegations. *See Ross*, 638 F.2d 650; *Rotolo*, 532 F.2d at 922–23; *Negrich*, 379 F.2d at 215. Section 1983 liability can only be imposed where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or "custom" promulgated by those whose edicts or acts may fairly be said to represent official policy. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode, et al*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Nowhere in plaintiff's amended complaint does he allege facts that would enable this Court to formulate even an inference that defendant City of Philadelphia's actions are the result of any official policy or custom. Accordingly, Counts I–III of the amended complaint must be dismissed with respect to the City of Philadelphia.

■ With respect to defendants Holmesburg Prison, David S. Owens, Irene F. Pernsley, and Ernest Williams, Counts I–III of plaintiff's amended complaint must be dismissed because the averment that these defendants "wilfully, knowingly and with specific intent," deprived him of his constitutional rights are totally unsupported by facts which indicate that these defendants had knowledge of the threat of an attack or knowledge of a propensity by Wimberly to attack other inmates. *Curtis*, 489 F.2d at 521. *See United States ex rel. Roncase v.*

*Cuyler*, No. 81–3168 (E.D.Pa., filed Nov. 3, 1981); *Ressler v. Scheipe*, 505 F.Supp. 155, 158 (E.D.Pa.1981). *See also Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976).

■ With respect to defendants Thomas J. Kelly, Warden, and John Doe, Guard at Holmesburg Prison, plaintiff fails to set forth facts which would establish gross, reckless or intentional conduct essential to state a claim under § 1983. *Farmer v. Kelly, et al*, No. 81–1621 (E.D.Pa., filed Oct. 30, 1981); *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979); *Curtis*, 489 F.2d at 518 and 521. *See also Hampton*, 456 F.2d at 1081; *Ressler*, 505 F.Supp. at 156. In *United States ex rel Miller v. Twomey, et al*, 479 F.2d 701 (7th Cir. 1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974), a prisoner brought a civil rights action under § 1983, alleging that he had been subjected to a violation of his constitutional rights resulting from an attack by a fellow inmate. The prisoner sought to impose § 1983 liability on the prison officials for the alleged failure to adequately supervise the cellblock and their failure to segregate the attacker from the general prison population. In affirming the lower court order dismissing the prisoner's complaint, the Court stated:

> That Amendment [Eighth] may be violated either by the *intentional infliction* of punishment which is cruel or by such callous indifference to the predictable consequences of substandard prison conditions that an official intent to inflict unwarranted harm may be inferred ... Quite clearly the allegations that defendants ... were negligent in their supervision ... on one occasion is insufficient to establish that they inflicted "punishment" [on the prisoner].

479 F.2d at 719–20 (emphasis added). Plaintiff's amended complaint fails to set forth any facts which might establish that defendants had knowledge of the threat of an attack or a propensity of Wimberly to attack other inmates or, in this case, the

---

1. Plaintiff's Amended Complaint—Counts I–III, ¶¶ 17, 20, 24, 25, 26, 28.

plaintiff. Thus, plaintiff's claims are based solely on negligence. Therefore, his only recourse is to pursue this action in state court. *Burke v. Wallenstein*, No. 81–2893 (E.D.Pa., filed Oct. 30, 1981). Accordingly, the motion of defendants City of Philadelphia, Holmesburg Prison, Thomas J. Kelly, David S. Owens, Irene F. Pernsley, Ernest Williams, and John Doe to dismiss plaintiff's amended complaint was *granted* on October 5, 1981, with respect to Counts I–III.

## II.

Plaintiff, in Count IV of the amended complaint, claims that his constitutional rights were violated by defendants City of Philadelphia, Holmesburg Prison, Thomas J. Kelly, David S. Owens, Irene F. Pernsley, Ernest Williams, and John Doe by their failure to adequately treat and diagnose the injuries plaintiff sustained as a result of the attack. Specifically, plaintiff alleges that defendants acted "carelessly, recklessly and negligently" by failing to remove plaintiff's stitches from his eye, neck and face at an appropriate time, thereby allowing skin to form over the stitches, further scarring and aggravating his injuries. Defendants contend that, although Count IV of plaintiff's amended complaint states facts which might give rise to a common law tort in state court, Count IV does not state sufficient facts to give rise to an action under § 1983.

■ In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the United States Supreme Court held that the government has an affirmative obligation to provide medical care for those whom it is punishing by incarceration. However, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not become a constitutional tort actionable under § 1983. *Id.* at 106, 97 S.Ct. at 292. The Court further stated that, to state a claim under § 1983, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to serious medical needs." *Id.* at 104,

97 S.Ct. at 291. *See also Miller v. Cuyler*, No. 80–1522 (E.D.Pa.1981). Such indifference may be "manifested by prison doctors in their response to prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." 429 U.S. at 104–105, 97 S.Ct. at 291. *See also Westlake v. Lucas*, 537 F.2d 857, 859 (6th Cir. 1976); *Williams v. Vincent*, 508 F.2d 541, 544 (2d Cir. 1974). Therefore, the Court must apply a two-pronged test: there must be deliberate indifference on the part of the prison officials and the prisoner's medical needs must be serious. *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978).

■ Plaintiff does not allege that he has been denied medical care altogether; rather he argues that defendants acted "carelessly, recklessly and negligently"[2] by rendering inadequate medical care for his injuries. The Court recognizes that where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Pinon v. Wisconsin*, 368 F.Supp. 608, 610 (E.D.Wis.1973). *See also Fitzke v. Shappell*, 468 F.2d 1072, 1076 (6th Cir. 1972). In some cases, however, the medical attention rendered may be so woefully inadequate as to amount to no treatment at all, thereby rising to the level of a § 1983 claim. *Westlake*, 537 F.2d at 860, n. 5; *Tolbert v. Eyman*, 434 F.2d 625, 626 (9th Cir. 1970); *Riley v. Rhay*, 407 F.2d 496 (9th Cir. 1969); *Stiltner v. Rhay*, 371 F.2d 420, 421 n. 3 (9th Cir.), *cert. denied*, 386 U.S. 997, 87 S.Ct. 1318, 18 L.Ed.2d 346 (1967). In this case, the Court held that plaintiff has adequately pleaded a set of facts which may evidence a deliberate indifference to serious medical needs which may entitle him to § 1983 relief. *See, e.g., Conley*, 355 U.S. at 45, 78 S.Ct. at 101; *Runnels v. Rosendale*, 499 F.2d 733, 735 (9th Cir. 1974). Accordingly, defendants City of Philadelphia, Holmesburg Prison, Thomas J. Kelly, David

---

**2.** Amended Complaint, Count IV, ¶¶ 31–32.

S. Owens, Irene F. Pernsley, and Ernest Williams' motion to dismiss plaintiff's amended complaint was *denied* on October 5, 1981, with respect to Count IV. Nevertheless, the motion of defendants John Doe and other unknown guards to dismiss plaintiff's amended complaint was *granted* on October 5, 1981, with respect to Count IV. Plaintiff's amended complaint was totally devoid of any allegations that the prison guards had knowledge of, participated in, approved of, or were present when the medical treatment was rendered. Plaintiff did not set forth any facts indicating that the guards delayed plaintiff's access to medical care or interferred with the treatment once prescribed. Absent such allegations, Count IV of plaintiff's complaint did not withstand the motion of John Doe and other unknown guards to dismiss. *See Estelle*, 429 U.S. at 104–105, 97 S.Ct. at 291; *Prochaska v. Fediaczko*, 473 F.Supp. 704, 708 (E.D.Pa.1979).

### III.

■ Plaintiff, in Count V of the amended complaint, asserted a "pendant" state law claim against fellow inmate Wimberly because he attacked him without provocation and his actions directly resulted in plaintiff's injuries. Plaintiff's complaint does not allege that this defendant violated his § 1983 rights, nor does he assert any other independent federal basis for jurisdiction for this state law claim. The issue presented before this Court is whether a state law claim can be heard by the Court when there is no federal claim to which the state law claim may attach, even though the state law claim is derived from the same "common nucleus of operative fact" [3] giving rise to the federal law claims asserted against the other defendants in this case.

This issue was addressed by the Supreme Court in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). In *Aldinger, supra*, the petitioner brought an action under 42 U.S.C. § 1983 against numer-

ous county officials. Jurisdiction of the federal claim was asserted under 28 U.S.C. § 1343(3). Petitioner also asserted state law claims against the county under a pendant jurisdiction theory. There was, however, no independent basis of jurisdiction over the county because, under then-existing law, a county was not a suable "person" under § 1983, and there was no diversity of citizenship under 28 U.S.C. § 1332. *But see Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding a county to be an entity subject to suit under 42 U.S.C. § 1983 under some circumstances). The Court held that, at least "as against a plaintiff's claim of *additional* power over a 'pendant party,' the reach of the statute conferring jurisdiction [28 U.S.C. § 1343(3)] should be construed in light of the scope of the cause of action as to which federal judicial power *has* been extended by Congress." *Aldinger v. Howard, supra*, 427 U.S. at 17, 96 S.Ct. at 2421. Plaintiff has alleged no basis for any federal cause of action against Wimberly, nor is such a basis apparent to the Court. Accordingly, under the principles stated in *Aldinger*, there exists no jurisdictional basis for the Court to exercise pendant jurisdiction over plaintiff's state law claim against Wimberly. Although Wimberly has filed no motion to dismiss on this ground, the defect is patent. Therefore, the Court *sua sponte* dismissed all counts of the amended complaint with respect to Wimberly.

### IV.

■ Finally, defendants, in their motion to dismiss, contended that plaintiff's cause of action is barred by the statute of limitations applicable in this case. Although § 1983 contains no specific statute of limitations, it is well established that the period of limitations provided by state law must be applied. *Taylor v. Mayone*, 626 F.2d 247, 249 (2d Cir. 1980); *Wooten v. Sanders*, 572 F.2d 500, 501 (5th Cir. 1978); *Eubanks v. Clarke*, 434 F.Supp. 1022, 1029 (E.D.Pa.

---

**3.** *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

**440**

1977); *Henig v. Odorioso*, 256 F.Supp. 276 (E.D.Pa.), *affirmed*, 385 F.2d 491, *cert. denied*, 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968). Defendants contend that an action against public officials must be commenced within six months of the date of the alleged injury as provided in 42 Pa.Cons.Stat.Ann. § 5522(b)(1) (Purdon Supp.1981). Since the claim arose on April 27, 1980, and the present lawsuit was not filed until March 16, 1981, defendants argue that the action is barred by the statute of limitations because it was not brought within the mandatory six month period. The Court holds, however, that § 5522(b)(1) does not govern the instant controversy. Section 5522(b) provides:

(b) Commencement of action required.— The following actions and proceedings must be commenced within six months:

(1) An action against any officer of any government unit for anything done in the execution of his office, except an action subject to another limitation specified in this subchapter.

(2) A petition for the establishment of a deficiency judgment following sale of the collateral of the debtor under the provisions of section 8103 (relating to deficiency judgments).

(3) Any action subject to 13 Pa.C.S. § 6111 (relating to limitation of actions and levies).

(4) An action under section 4563.1(c) (relating to civil liability).

According to § 5522(b)(1), the six month limitation must be applied where there exists no other applicable limitation. The Court holds, therefore, that the instant action is governed by 42 Pa.Cons.Stat.Ann. § 5524(1) (Purdon Supp.1981), rather than § 5522(b)(1). Section 5524 provides:

The following actions and proceedings must be commenced within two years:

(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

(4) An action for waste or trespass of real property.

(5) An action upon a statute for a civil penalty or forfeiture, where the action is given to a government unit.

(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

Thus, plaintiff is not barred by the statute of limitations since the alleged incidents for which he now seeks damages occurred in April, 1980, and the present suit was filed on March 17, 1981, well within the two year limitation.