**Lloyd Richard GILMORE, Plaintiff,**

v.

**Glen R. JEFFES, et al., Defendants.**

**Civ. No. 86–1456.**

United States District Court,
M.D. Pennsylvania.

April 14, 1987.

Lloyd Richard Gilmore, pro se.

Joseph S. Sabadish, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

## ORDER

NEALON, Chief Judge.

Plaintiff, an inmate at S.C.I.–Dallas, PA, instituted this action pursuant to 42 U.S.C. § 1983 on August 22, 1986 in the U.S. District Court for the Eastern District of Pennsylvania. The following individuals were named as defendants: Donald J. Dougherty, a correctional officer at S.C.I.–Dallas; J. Kevin Kane, a hearing examiner at S.C.I.–Dallas; Joseph M. Ryan, Superintendent of S.C.I.–Dallas; and Glen R. Jeffes, Commissioner of the Pennsylvania Bureau of Corrections. Plaintiff alleges in his Complaint that on May 7, 1986, defendant Dougherty searched his cell in an unreasonable manner and confiscated the following items under the ruse that they were contraband: a homemade blanket, a 24″ × ³⁄₈″ metal rod, a pillow, pieces of wire and a file from a nail clipper. Plaintiff maintains that Dougherty's actions violated his rights under BC–ADM 203 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

Plaintiff further avers that a disciplinary hearing was subsequently conducted by defendant Kane on May 12, 1986. Plaintiff asserts that this hearing violated his rights under BC–ADM 801 and the Fifth and Fourteenth Amendments because he was allowed to present oral testimony from only one witness and because the hearing was not conducted by a three-member panel. As a result of the hearing, plaintiff was deprived of certain privileges, including radio and television, for thirty (30) days. Finally, plaintiff alleges that defendants Ryan and Jeffes, through their inactivity, gave tacit approval for their subordinates to violate his rights.

By Order dated August 22, 1986, plaintiff was granted leave to proceed *in forma pauperis,* and this case was transferred to the United States District Court for the Middle District of Pennsylvania.[1]

On December 15, 1986, defendants filed a Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6). They submitted a Brief in Support of their dispositive motion on December 31, 1986. Plaintiff filed a Traverse to Defendants' Motion to Dismiss and a Brief in Opposition to Defendants' Motion to Dismiss on December 23, 1986 and February 9, 1987, respectively.

This matter is now ripe for disposition. For the reasons set forth below, the court will grant Defendants' Motion to Dismiss on the claims against defendants Dougherty, Ryan and Jeffes, but will deny their motion on the claims against defendant Kane.

## ANALYSIS

A *pro se* complaint by a prisoner must be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and should only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 520, 92 S.Ct. at 598. In ruling on a defendant's motion to dismiss, a district court should "accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to plaintiff. . . . [The court] may not dismiss the complaint unless the plaintiff can prove no set of facts which would entitle [him] to relief." *Angelastro v. Prudential–Bache Securities,* 764 F.2d 939, 944 (3d Cir.), *cert. denied,* 106 S.Ct. 267, 474 S.Ct. 267, 88 L.Ed.2d 274 (1985).

An action under 42 U.S.C. § 1983 permits a plaintiff to redress the deprivation, under color of state law, of his individual constitutional rights. In a § 1983 action, "the initial inquiry must focus on ... (1) whether the conduct complained of was committed by a person acting under color of state law;

---

**1.** In the Order which transferred this case to the Middle District, the Eastern District Court explained plaintiff's references in his Complaint to "the consent decree" and ruled that the consent decree in question does not apply to plaintiff's situation.

and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed. 2d 420 (1981). In the present case, the focus is upon the second prong of the *Parratt* test, *i.e.*, whether the facts alleged by plaintiff, if proven, can constitute a violation of rights under federal law.

*The Cell Search*

■ Plaintiff's primary complaint regarding the search of his cell is that defendant Dougherty's actions were unreasonable in violation of BC–ADM 203. "[A] state may create a liberty interest protected by the Due Process Clause through its enactment of certain statutory or regulatory measures." *Hewitt v. Helms*, 459 U.S. 460, 469, 103 S.Ct. 864, 870, 74 L.Ed.2d 675 (1983). A state regulation transcends a mere procedural guideline when it uses "language of an unmistakable character," *i.e.*, when it contains "the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates." *Id.* at 471–72, 103 S.Ct. at 871–72. A state regulation creates a substantive right when it limits the discretion of its decisionmakers through "particularized standards" or "defined criteria." *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983).

This court has already determined that BC–ADM 203 merely establishes a procedural framework for prison personnel and does not confer any substantive rights upon prisoners. *Williams v. Kyler*, No. 86–0905, slip op. 3–4 (M.D.Pa. Dec. 4, 1986) (Nealon, C.J.). In that opinion, the court noted that the language of BC–ADM 203 is self-contradictory on the issue of whether it creates substantive rights.[2] The court declined to find that the directive creates substantive rights "[i]n the absence of a clear expression of intent by the drafters of BC–ADM 203" to do so. *Id.* at 4. Thus,

BC–ADM 203 cannot support plaintiff's § 1983 action. *Parratt v. Taylor, supra.*

■ Plaintiff also asserts that the cell search violated his rights under the Fourth, Fifth and Fourteenth Amendments. The Supreme Court's decision in *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), refutes his contention. In *Hudson*, a prisoner brought a § 1983 action, alleging that a correctional officer searched his cell in order to harass him and intentionally destroyed certain items of his noncontraband personal property. The Court concluded that prisoners enjoy no privacy right within their cells and that cell searches do not implicate the Fourth Amendment. The Court stated, "[W]e hold that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Id.* 104 S.Ct. at 3200.

The court in *Hudson* also held that the plaintiff's due process rights were not violated by the taking of his property because postdeprivation remedies were available under state tort laws and were sufficient to satisfy due process concerns.[3] In the present case, adequate postdeprivation remedies are likewise available to plaintiff under state law. 42 Pa.C.S.A. § 8522(b)(3) (exceptions to sovereign immunity: care, custody or control of personal property). Thus, plaintiff fails to state an actionable due process claim.

In short, neither BC–ADM 203 nor the Fourth, Fifth and Fourteenth Amendments support plaintiff's contention that his rights under federal law were violated during the cell search. Consequently, his claims against defendant Dougherty, *i.e.*,

---

2. Section VIII of BC–ADM 203 contains an explicit disclaimer to the effect that the directive "does not create rights in any person."

3. In *Hudson*, the Court indicated that its ruling might have been different if the plaintiff had

been subjected to an established state procedure as opposed to an isolated event. 104 S.Ct. at 3203 n. 13. In the present case, plaintiff does not allege that defendant Dougherty acted according to an established state procedure.

those which relate to the cell search, will be dismissed.

### The Disciplinary Hearing

█ The Due Process Clause confers upon inmates a circumscribed right to call witnesses at disciplinary hearings. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). This right is subject to the "mutual accommodation between institutional needs and objectives and the provisions of the Constitution." *Id.* at 556, 94 S.Ct. at 2975. A prisoner's request to call witnesses at a disciplinary hearing can be refused if granting the request would be "unduly hazardous to institutional safety or correctional goals." *Id.* Due process requires, however, that prison officials explain, either during the disciplinary hearing or subsequently in court proceedings, why witnesses were not allowed to testify. *Ponte v. Real,* 471 U.S. 491, 105 S.Ct. 2192, 2196, 85 L.Ed.2d 553 (1985).

It is apparent from the above discussion that plaintiff enjoyed a limited constitutional right to call witnesses at his May 12, 1986 disciplinary hearing. Prison officials may have possessed valid reasons, rooted in prison security or otherwise, for limiting the number of witnesses testifying on plaintiff's behalf. Nonetheless, plaintiff states a claim upon which relief could be granted under certain circumstances, and it would be inappropriate to dispose of plaintiff's due process claim upon a motion to dismiss.[4] Defendants, of course, are free to submit a subsequent summary judgment motion, in support of which prison officials can submit affidavits explaining the circumstances behind their decision to limit plaintiff to oral testimony from only one witness.

█ Plaintiff also maintains that his disciplinary hearing violated his constitutional rights because it was conducted by a single hearing examiner as opposed to a three-member panel. Initially, the court notes that BC–ADM 801 does not support plaintiff's contention. That directive expressly states, without qualification, that a single hearing examiner may substitute for a three-member hearing committee. BC–ADM 203 II.E. and V.B. Any constitutional right to additional hearing examiners to which plaintiff may have been entitled, then, must stem directly from the Fifth and Fourteenth Amendments.

As the record presently stands, it is unclear as to exactly what charges were brought against plaintiff during the May 12, 1986 disciplinary hearing, what potential penalties he faced, whom he intended to call as witnesses, their relationship to the events in question, etc.; nor does the record reveal why a single hearing examiner conducted the hearing instead of a three-member panel. The court determines that the issue of the number of hearing examiners constitutionally required at plaintiff's disciplinary hearing would be more appropriately addressed in a subsequent summary judgment motion since supporting affidavits could fully describe the circumstances surrounding the hearing. Therefore, the Motion to Dismiss will be denied on the claims against defendant Kane, *i.e.,* those which relate to the disciplinary hearing.

### Defendants Ryan and Jeffes

█ Liability under § 1983 cannot be imposed vicariously or under traditional grounds of *respondeat superior. Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077, 1082 (3d Cir.1976); *Ressler v. Scheipe,* 505 F.Supp. 155, 156 (E.D.Pa. 1981). Direct, personal involvement by the defendant in conduct depriving a plaintiff of his rights or active knowledge and acquiescence on the defendant's part must be alleged. *Bracey v. Grenoble,* 494 F.2d 566 (3d Cir.1974); *Brown v. Sielaff,* 474 F.2d 826 (3d Cir.1973).

█ Plaintiff indicates in his Complaint, without explanation, that he named Ryan and Jeffes as defendants because he presumes that their inactivity equates with tacit approval of the alleged violations of his constitutional rights and because his

---

**4.** Defendants submitted documentary evidence indicating that plaintiff withdrew his request for additional witnesses to testify at his disciplinary hearing. Plaintiff responded that he did not sign this document voluntarily. Since there is a dispute on this matter, the court has not considered this evidence in ruling on defendants' Motion to Dismiss.

administrative appeals were denied. Document 1 at ¶¶ 23, 24, 29 and 30. The court concludes that plaintiff has failed to make a sufficient allegation of personal involvement against defendants Ryan and Jeffes. Even under the liberal standard of interpretation for *pro se* pleadings, plaintiff's claims against these two defendants must be dismissed.

The only remaining claims, then, will be those against defendant Kane, *i.e.*, those which relate to the May 12, 1986 disciplinary hearing. The claims against the other defendants will be dismissed.

An appropriate Order will enter.