No. A-CV-12-89

# Supreme Court of the Navajo Nation

**Leonard Gordon Kinney Jr., Appellant,**
v.
**The Navajo Nation, Appellee.**
**Decided July 18, 1989**

## OPINION

Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.

Gary E. LaRance, Esq., Tuba City, Arizona, for the Appellant; Franklin Dennison, Esq., Office of the Prosecutor, Tuba City, Arizona, for the Appellee.

Opinion delivered by Tso, Chief Justice.

## I

Appellant, Leonard Gordon Kinney Jr., was issued two civil traffic infraction tickets. The tickets were issued January 8, 1989 at 11:59 P.M. and January 9, 1989 at 12:12 A.M.

On February 28, 1989, the Tuba City District Court ordered Kinney to remit civil assessment fees of $75.00 to the court within thirty days; failure to do so would result in issuance of an order to show cause.

Counsel for Kinney filed an entry of appearance with the district court on March 1, 1989, and simultaneously for a motion to vacate the district court's February 28, 1989 order.

On March 10, 1989, Appellee, Navajo Nation, requested by letter that the district court deny Kinney's motion to vacate. *Navajo Rules for Pleading Forms and Motions*, Rule 4.g. (1982). Appellee cited Kinney's failure to file a brief in support of his motion to vacate as grounds for denial of the motion. *Id.*, Rules 4.e. & 4.f. The district court denied Kinney's motion to vacate on March 28, 1989.

Kinney filed a notice of appeal with this Court on March 29, 1989. The Supreme Court Clerk received the district court records on April 28, 1989. On April 28, 1989, the Supreme Court Clerk mailed the notice of docketed appeal to counsels of record in accordance with Rule 10(b) of the Navajo Rules of Civil Appellate Procedure (NRCAP) (1987 ed.). The notice further stated that briefs were due pursuant to NRCAP 12. On June 26, 1989, appellee filed this motion to dismiss the appeal, citing Kinney's failure to file a brief in support of his appeal as required by NRCAP 12. We grant appellee's motion to dismiss the appeal.

## II

Pursuant to NRCAP 12(a), the appellant has thirty days after the date the Supreme Court Clerk mails the notice of docketed appeal to file his brief. Further, NRCAP 5(c) provides the appellant an additional seven days to file a brief where, as here, the Court serves the Rule 10(b) notice by mail. Kinney had until June 5, 1989 to file his brief. No brief was filed.

Additionally, NRCAP 5(b) provides the parties with the opportunity to file for an extension of time, as long as they do so before the expiration of the prescribed time. *Begay v. Begay*, 6 Nav. R. 120, 121 (1989); *In re Estate of Wauneka Sr.*, 6 Nav. R. 63, 64 (1988). "The deadline is not dispensed with casually, and a showing of good cause is a prerequisite." *Begay*, 6 Nav. R. at 121. No request for extension of time was filed by Kinney.

The Navajo Rules of Civil Appellate Procedure provides consequences for failure to timely file briefs. With respect to the failure by the appellant the rule states, "[i]f an appellant does not timely file a brief, the Supreme Court, upon appellee's motion, may dismiss the appeal." NRCAP 12(c). Accordingly, appellee, the Navajo Nation, filed a motion to dismiss the appeal because of Kinney's noncompliance with NRCAP 12(c) .

Policing the time at which briefs are filed is one of the most vexing problems in judicial administration. In *Begay*, the appellant filed his brief with this Court two days late, yet prior to appellee's filing of her motion to dismiss the appeal under NRCAP 12(c). This Court reaffirmed its discretionary authority to accept a brief that is filed late, but stated, "[a]bsent a showing of good cause for untimely submission, however, the appeal will be dismissed." *Begay*, 6 Nav. R. at 122.

Here, Kinney *did not* file a brief prior to appellee's motion to dismiss, which was filed with this Court twenty-one days after the prescribed deadline for filing appellant's brief. The fact is Kinney did not file a brief at all.

The failure of Kinney to file a brief puts the appeal in a state of perpetual standstill. The appellee is unable to file a response brief as required by NRCAP 11(b) and NRCAP 12(a). Hence, NRCAP 12(c) permits the appellee to move for dismissal of the appeal.

Further, it is generally known that an issue not briefed is waived. *See, e.g.*, *Brown v. Sielaff*, 474 F.2d 826 (3rd Cir. 1972). NRCAP 11(a) (5) requires a statement of the issues presented for review. If the appellant files no brief, it is impossible for the Court to know what the issues are, and thus, the Court is unable to determine whether probable cause exists to grant the appeal.

This Court views the failure to file a brief as a lack of good faith and an indication of the party's profound indifference to the final disposition of the case. *Begay*, 6 Nav. R. at 122. Where the appellant fails to file a brief in accordance with NRCAP 12, and the appellee moves to dismiss the appeal pursuant to NRCAP 12(c), this Court will summarily dismiss the appeal. A brief received subsequent to appellee's motion to dismiss will be treated as if no brief had

been filed.

Kinney did not file a brief with this Court within the deadline provided by NRCAP 12(a), nor was a brief received prior to appellee's motion to dismiss. We therefore dismiss the appeal.

Appeal dismissed.